# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOE 1, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 25-1124 (RBW) |
| ) | |
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On March 17, 2025, the Equal Employment Opportunity Commission (the "EEOC") issued a press release stating that the EEOC's Acting Chair, Andrea Lucas, had sent letters to twenty large law firms requesting information about their diversity, equity, and inclusion practices. See Notice of Errata, Exhibit ("Ex.") B (Press Release, U.S. Equal Emp. Opportunity Comm'n, EEOC Acting Chair Andrea Lucas Sends Letters to 20 Law Firms Requesting Information About DEI-Related Employment Practices (Mar. 17, 2025)), ECF No. 3-2. The letters, which were the subject of the EEOC press release, requested numerous types of information relating to hiring practices, staff decisions, and other employment-related actions and decisions, including personally identifiable information regarding employees of these firms, as well as applicants for various positions at these firms. See id., Ex. C (EEOC Letters), ECF No. 3-3. The plaintiffs in this case, "law students who have applied to or worked at one or more of these twenty firms[,]" Complaint for Declaratory and Injunctive Relief ("Compl.") ¶ 8, ECF No. 1, bring this civil action against the EEOC and Acting Chair Lucas, arguing that they exceeded their statutory authority under Title VII of the Civil Rights Act of 1964 by issuing these letters, and request declaratory and injunctive relief regarding the EEOC's requests, see id.

at 29–30.  Currently pending before the Court is the Plaintiffs' Motion for Leave to Proceed Under Pseudonyms ("Pls.' Mot."), ECF No. 4.  Upon careful consideration of the plaintiffs' submissions, the Court concludes for the following reasons that it must grant the plaintiffs' motion and permit them to proceed under pseudonyms.

## I.      LEGAL STANDARD

### A.     Motion for Leave to Proceed with Pseudonyms

Federal Rule of Civil Procedure 10(a) requires that a complaint state all of the names of the parties.  Fed. R. Civ. P. 10(a).  As the District of Columbia Circuit has noted, the "presumption in favor of disclosure[] . . . stems from the 'general public interest in the openness of government processes,'" In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (citing Wash. L. Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)), "and more specifically from the tradition of open judicial proceedings[,]" id. (citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)); see also Doe v. Cabrera, 307 F.R.D. 1, 4 (D.D.C. 2014) (Walton, J.) ("Disclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings." (quoting Nat'l Ass'n of Waterfront Emp'rs v. Chao, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)).  "In light of that deeply rooted tradition, parties who seek to proceed pseudonymously seek a 'rare dispensation' from the court.'"  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020) (quoting United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995)).  Therefore, the party seeking to proceed under a pseudonym "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely be fall [him or her] to proceed in [his or her] own name."  In re Sealed Case, 971 F.3d at 326 (citations omitted).  And, "[s]peculative assertions of harm will not suffice."  Id.

If the party seeking to proceed under a pseudonym has met their initial burden, the Court, in deciding whether to exercise its discretion to permit such secrecy, must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure[,]" In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 96), which is a "necessarily flexible and fact driven[]" determination, id.  The Circuit has identified five "non-exhaustive factors" the Court must weigh in making that determination:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (second alteration in original).

## II.   ANALYSIS

### A.   Whether the Plaintiffs Should Be Permitted to Proceed under Pseudonyms

Upon consideration of the plaintiffs' motion and the record in this case, the Court concludes that the plaintiffs have met their burden of showing that their "legitimate interest in anonymity [outweighs] countervailing interests in full disclosure." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 96).

As to the first and second factors, the Court concludes based on its review of the Complaint and the plaintiffs' motion that these factors weigh in favor of granting the plaintiffs' motion.  The plaintiffs argue that they do not seek to proceed under pseudonyms "merely to

3

avoid the annoyance and criticism that may attend any litigation," but rather to "preserve [their] privacy in a matter of [a] sensitive and highly personal nature." Id. (quoting In re Sealed Case, 931 F.3d at 97).  The plaintiffs argue that the first factor weighs in favor of granting their motion because "[t]his case involves employment records that reveal [the p]laintiffs' sex, race, contact information, compensation, and even their academic performance[,]" and that "[t]he federal government recognizes the sensitivity of [some of] this information." Pls.' Mot. at 3 (citing Compl. ¶ 65) (representing that the EEOC identifies "personal phone numbers" and "personal email addresses" as confidential information, and that the National Archives and Records Administration has recognized that "[e]thnic or religious affiliation" constitutes sensitive personally identifiable information).  And, the plaintiffs further argue that the second factor also weighs in their favor because "[f]orcing [them] to identify themselves by name 'poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties[,]'" id. at 4 (quoting Sealed Case, 971 F.3d at 326), because this administration "ha[s] already demonstrated [its] willingness to retaliate against disfavored lawyers and the law firms that employ them[,]" id., a position which is supported by recent events.  Therefore, according to the plaintiffs, "[i]f [they] or their employers draw the administration's ire, they risk being subject to potentially ruinous government sanctions or being forced to devote a hundred million dollars or more in lost staff time to causes chosen by the administration[,]" id. (citation omitted), and the resulting risk of retaliation "may dissuade firms from hiring [the p]laintiffs[,]" id.

      Other members of this Court have concluded that the first factor may weigh in favor of a party being permitted to proceed under a pseudonym where the party maintains that disclosure would threaten his or her future employment opportunities.  See Doe v. Pub. Co. Acct. Oversight

4

Bd., No. 24-cv-780 (JEB), 2024 WL 3954189, at *2 (D.D.C. Aug. 2, 2024) (citing Doe v. Lieberman, No. 20-cv-2148, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020)).  While the plaintiffs' allegations must amount to more than "speculative and unsubstantiated claims of harm[,]" John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted), courts do not necessarily require that plaintiffs seeking to proceed under pseudonyms produce detailed declarations in support of their motion, see Pub. Co. Acct. Bd., 2024 WL 3954189, at *2.

      Here, the plaintiffs do not support their allegations with declarations in support of their motion, nor do they provide any other more concrete information regarding any particular susceptibility to retaliation.  However, the Court nonetheless concludes, based on the current record and the Court's knowledge of other cases that have been filed in this Court, that these two factors weigh in favor of granting the plaintiffs' motion for several reasons.  First, the information the plaintiffs seek to protect through this lawsuit includes clearly sensitive personal information, such as their phone numbers and email addresses.  See Compl. ¶¶ 63–65.  Second, although not supported by declarations, the plaintiffs do allege beyond mere speculation that there is a risk of retaliation.  Combined, it appears to the Court—at least at this time—that permitting the plaintiffs to proceed under pseudonyms is important to the very rights the plaintiffs seek to vindicate—viz., their right to have their confidential information remain confidential and not used to target them for any connection to programs or initiatives disfavored by the current administration.  And, because the defendants have not filed an opposition to the plaintiffs' motion rebutting these allegations, the Court concludes the first two factors weigh in favor of granting the plaintiffs' motion.

As to the third factor, the Court concludes—and the plaintiffs do not dispute, see Pls.' Mot. at 4 (noting that the plaintiffs "do not rely on the third factor")—that there is no implication of the privacy interests or safety of minors, and therefore this factor weighs in favor of disclosure, see Doe v. McHenry, ___ F. Supp. 3d ___, ___, 2025 WL 596650, at *4 (D.D.C. Jan. 31, 2025) (concluding the same); Doe v. Noem, No. 25-cv-769, 2025 WL 958249, at *3 (D.D.C. Mar. 31, 2025) (same).

As to the fourth factor, courts should also consider whether the defendant being sued is a governmental entity or a private party. This consideration is "significant because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." Doe v. De Amigos LLC, No. 11-cv-1755 (ABJ), 2012 WL 13047579, at *3 (D.D.C. Apr. 30, 2012) (internal quotation marks and citation omitted). "But analysis of this factor also involves evaluating whether [the p]laintiffs are requesting individual relief[]" or seeking to vindicate a broader set of rights. Does 1–2 v. Off. of Personnel Mgmt., ___ F. Supp. 3d ___, ___, 2025 WL 384577, at *3 (D.D.C. Feb. 4, 2025). Here, the plaintiffs seek to have the Court declare that the defendants' actions are unlawful, enjoin them "from investigating any law firm" through means other than those set forth in Title VII's EEOC charge process, order them to withdraw the contested investigative letters, and order them to "return any information already collected pursuant to the investigative letters to the law firms and delete the information from its databases[.]" Compl. at 29–30. The request for such relief would generally weigh in favor of disclosure under this fourth factor, cf. Does 1–2, 2025 WL 384577, at *3; however, in light of the nature of the plaintiffs' claims and the Court's conclusion above regarding the harm that could result from disclosure, the Court finds that "anonymity appears to be necessary to provide [the plaintiffs] the opportunity to vindicate [their] rights." Id. (quoting

Charles H. v. District of Columbia, No. 21-cv-997, 2021 WL 6619327, at *3 (D.D.C. Apr. 9, 2021)). Therefore, this factor weighs in favor of granting the plaintiffs' motion.

As to the fifth and final factor, the Court concludes that permitting the plaintiffs to proceed under pseudonyms does not raise a risk of unfairness to the defendant at this stage in litigation. Although the defendants do not know these plaintiffs' identities at this juncture, the Court concludes that the defendants are unlikely to suffer prejudice because their "individual identities are not relevant to the merits of their claims." Does 1–2, 2025 WL 384577, at *3. And, as the plaintiffs note, "to the extent that [the d]efendants [might] argue that specific information about [the p]laintiff[s'] identit[ies] is 'necessary to the full and fair defense of the case,' they may 'request the disclosure' of that information through discovery, 'and [the] plaintiffs will be free to oppose the disclosure of that information.'" Pls.' Mot. at 6 n.4 (quoting Chang, 548 F. Supp. 3d at 38).[1] Therefore, "[t]his issue need not be resolved now and does not significantly weigh against [the] plaintiffs' request for anonymity" given the Court's conclusions above. Chang, 548 F. Supp. 3d at 38.

Therefore, upon consideration of the above-mentioned factors applicable to the plaintiffs' request, the Court concludes that the plaintiffs have met their burden of establishing that they should be permitted to proceed under pseudonyms at least at this early stage of the litigation.

Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Motion for Leave to Proceed Under Pseudonyms, ECF No. 4, is **GRANTED**. It is further

**ORDERED** that all parties shall use the pseudonyms listed in the Complaint in all documents filed in this action unless otherwise ordered by the Court. It is further

---

[1] According to the plaintiffs, the defendants have reserved the right to take a position on the use of pseudonyms once they are formally entered into this case. See Pls.' Mot. at 1.

7

**ORDERED** that, within fourteen days of this Order, the plaintiffs shall file on the public docket: (1) a pseudonymous version of the Plaintiffs' Motion for Leave to Proceed Under Pseudonyms, ECF No. 4, and any attachments; and (2) a sealed, ex parte declaration containing their real names and residential addresses.

**SO ORDERED** this 5th day of May, 2025.

REGGIE B. WALTON<br>United States District Judge