IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOE 1, DOE 2, and DOE, on behalf of themselves and all other similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>*Defendants*. | Case No. 1:25-cv-01124 |

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1

Pursuant to Local Civil Rule 7(h), Plaintiffs hereby provide the following statement of material facts as to which there is no genuine issue:

1. Andrea Lucas has been the Acting Chair of the Equal Employment Opportunity Commission since January 20, 2025. Declaration of Orlando Economos ("Economos Decl.") ECF No. 25-4 ¶ 2, Exhibit A.

2. Since January 28, 2025, the EEOC has had only two members. Economos Decl. ¶ 3, Exhibit B; *id.* ¶ 4, Exhibit C.

3. On March 17, 2025, the EEOC issued a press release entitled "EEOC Acting Chair Andrea Lucas Sends Letters to 20 Law Firms Requesting Information About DEI-Related Employment Practices." Economos Decl. ¶ 5, Exhibit D.

4. The press release states that "[b]ased on publicly available information, the letters note concerns that some firms' employment practices, including those labeled or framed as DEI, may entail unlawful disparate treatment in terms, conditions, and privileges of employment, or unlawful limiting, segregating, and classifying based on race, sex, or other protected characteristics, in violation of Title VII of the Civil Rights Act of 1964 (Title VII)." *Id.*

5. The press release contains the following quote from Defendant Lucas: "The EEOC is prepared to root out discrimination anywhere it may rear its head, including in our nation's elite law firms. No one is above the law—and certainly not the private bar." *Id.*

6. The press release states that the EEOC had "established an email where whistleblowers can submit information to the EEOC about potentially unlawful DEI practices at law firms" and that "[i]nformation obtained from individuals who contact the EEOC is confidential and will not be revealed to the employer until the individual files a charge of discrimination." *Id.*

7. The press release contains a link to the twenty letters to the law firms. Economos Decl. ¶ 6, Exhibit E.

8. The twenty law firms identified as recipients of the letters are, in order of appearance, Perkins Coie LLP; Cooley LLP; Reed Smith LLP; A&O Shearman; Debevoise & Plimpton LLP; Freshfields Bruckhaus Deringer LLP; Goodwin Procter LLP; Hogan Lovells LLP; Kirkland & Ellis LLP; Latham & Watkins LLP; McDermott Will & Emery; Milbank LLP; Morgan Lewis and Bockius LLP; Morrison and Foerster LLP; Ropes and Gray; Sidley and Austin; Simpson, Thacher and Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom; White and Case LLP; and Wilmer Cutler Pickering Hale and Dorr LLP. *Id.*

9. The letters are similar: seventeen of the twenty letters are virtually identical except for the name of the firm and related individualized information such as the name, title, and address information of the recipient of the letter. *Id.*

10. For Perkins Coie LLP, Cooley LLP, and Reed Smith LLP, the letters provide firm-specific information about the basis for their inclusion in the investigation. *Id.*

11. Acting Chair Lucas begins each letter by stating: "Based on public statements and court filings by [law firm], I am seeking information about the firm's employment practices." [footnote omitted].

12. Each letter contains the following statement indicating why Acting Chair Lucas is concerned about the firm's practices and what she is requesting of them: "I am concerned that [the firm's] 'diversity and inclusion' or other employment programs, policies, and practices may entail unlawful disparate treatment in terms, conditions, and privileges of employment, or unlawful limiting, segregating, and classifying based—in whole or in part—on race, sex, or other protected characteristics, in violation of Title VII. I believe you can be of assistance in helping to identify all relevant information I might consider. As an initial request, please provide responses to the questions outlined below. Please also preserve all relevant records." *Id.*

13. The letters contain thirty-seven requests for information, not including subparts, that are divided into six categories: (1) Internships, Fellowships, and Scholarships; (2) Other Hiring and Compensation Practices; (3) Other Terms, Conditions, and Privileges of Employment; (4) Data Disclosures, Staffing Decisions, and Other Actions Taken In Response to Client Reports; (5) Other Policies and Processes Incentivizing Decisions Motivated by Protected Characteristics; and (6) Partnership Decisions. *Id.*

14. For the letter directed at Cooley LLP, there is one additional category, with four additional requests, relating to Reduction in Force, and so the numbering of the requests in that letter is slightly different. *Id.*

15. Request Number 6 asks for information for applicants to each firm's 1L Diversity Fellowship Program and for those selected. For some firms, the letter asks for the applicant information since 2019 and for others it asks for the information since 2015. *Id.* The information requested is:

   a. Name
   b. Sex
   c. Race
   d. Phone number
   e. Email address
   f. Law school
   g. Law school GPA (as of date of application)
   h. Selected for 1L Diversity Fellowship Program (Y/N)

   *If selected*:
   i. Compensation for 1L Diversity Fellowship Program
   j. Received offer for 2L Diversity Fellowship Program (Y/N)
   k. Received offer for regular summer associate position (Y/N)
   l. Received offer for full-time associate attorney position (Y/N)
   m. Received any additional funds related to, or following, participation in Diversity Fellowship Program (Y/N)
   n. Amount of additional funds
   o. Reason for receipt of additional funds
   p. Office location

*Id.*

4

16. Request Number 7 asks for applicant-level information for applicants to each firm's 2L Diversity Fellowship Program and additional information for those selected. For some firms, the letter asks for the applicant information since 2019 and for others it asks for the information since 2015. Economos Decl. Ex. E. The applicant-level information requested is:

    a. Name
    b. Sex
    c. Race
    d. Phone number
    e. Email address
    f. Law school
    g. Law school GPA (as of date of application)
    h. Selected for 2L Diversity Fellowship Program (Y/N)

*If selected*:
    i. Compensation for 2L Diversity Fellowship Program
    j. Received offer for regular summer associate position (Y/N)
    k. Received offer for full-time associate attorney position (Y/N)
    l. Received any additional funds related to, or following, participation in Diversity Fellowship Program (Y/N)
    m. Amount of additional funds
    n. Reason for receipt of additional funds
    o. Office location

Economos Decl. Ex. E.

17. Request Number 15 asks for the following information:

For each year in which SEO Fellows were placed at your firm, provide the following information about all SEO Fellows placed at your firm:

    a. Name
    b. Sex
    c. Race
    d. Phone number
    e. Email address
    f. Office location

    g. Total compensation paid to SEO Fellow for internship at your firm
    h. Applied for 1L summer associate program (Y/N)
    i. Selected for 1L summer associate program (Y/N)
    j. Applied for 2L summer associate program (Y/N)
    k. Selected for 2L summer associate program (Y/N)
    l. Applied for full-time associate attorney position (Y/N)
    m. Selected for full-time associate attorney position (Y/N)

18. Request Number 22 asks for the following information:

In a searchable Excel spreadsheet, fully identify all law students or attorneys who applied to be hired by the firm (including as a regular summer associate, associate attorney, of counsel, or partner) since 2019. A complete response to this answer will include the applicant's:

    a. Name
    b. Sex
    c. Race
    d. Phone number
    e. Email address
    f. Law school
    g. Law school GPA (as of date of application)
    h. Hired (Y/N)

*If hired*:
    i. Date hired
    j. Date discharged (indicating voluntary or involuntary)
    k. Starting compensation
    l. Compensation as of the date of response
    m. Tuition repayment assistance
    n. Title
    o. Date of promotion
    p. Office location

Economos Decl. Ex. E.

19. Request Number 23 in each letter, except for the letter to Cooley LLP where it is Request Number 27, asks for the following information about candidates considered or selected for access to the Leadership Council on Legal Diversity "Pathfinders Program" or "Fellows Program":

Information on all candidates that your firm considered selecting to receive access to these programs:

i. Name
ii. Sex
iii. Race
iv. Phone number
v. Email address
vi. Office location
vii. Year that candidate was considered for LCLD program
viii. Selected by your firm to participate in LCLD program (Y/N)
ix. Job position at time of consideration for LCLD program
x. Current job position
xi. Whether, at the time of consideration for LCLD program, candidate held a leadership position at your firm (Y/N)
xii. Whether individual currently holds a leadership position at your firm (Y/N)

Economos Decl. Ex. E.

20. Request Number 36 in each letter, except for the letter to Cooley LLP where it is Request Number 40, asks for the following information:

For each year since 2019, please provide the following data for lawyers in your firm who were considered for elevation for partner:

a. Name
b. Sex
c. Race
d. Phone number
e. Email address
f. Office location
g. Member of firm affinity group (Y/N)
h. Name of affinity group(s) in which attorney participates
i. Previously participated in LCLD program (Y/N)
j. Previously was SEO Fellow (Y/N)
k. Previously participated in firm diversity internship or fellowship (Y/N)
l. Elevated to partner (Y/N)
m. Equity or non-equity partner (Equity / Non-Equity)

Economos Decl. Ex. E.

7

21.    Request Number 37 in each letter, except for the letter to Cooley LLP where it is Request Number 41, asks for the following information:

> For each year since 2019, please provide the following data for lawyers in your firm who applied or were recruited as potential lateral partners:
>
> a. Name
> b. Sex
> c. Race
> d. Phone number
> e. Email address
> f. Office location
> g. Member of a firm affinity group (Y/N)
> h. Name of affinity group(s) in which attorney participates / participated
> i. Previously participated in LCLD program (Y/N)
> j. Previously was SEO Fellow (Y/N)
> k. Previously participated in a firm diversity internship or fellowship (Y/N)
> l. Hired as lateral partner (Y/N)
> m. Equity or non-equity partner (Equity / Non-Equity)

22.    Request Number 26 of the letter to Cooley LLP requests the following information for employees that were discharged as part of the firm's Reduction in Force in 2022:

> a. Name
> b. Sex
> c. Race
> d. Date of Birth
> e. Phone number
> f. Email address
> g. Date hired
> h. Hours billed for each year 2019, 2020, 2021, and 2022
> i. Date hired
> j. Title
> k. Affinity group membership
> l. Practice group
> m. Office location

Economos Decl. Ex. E.

23. Plaintiff Doe 1 is a current law student who applied to work at Goodwin Procter LLP; Hogan Lovells; Latham & Watkins LLP; Morgan Lewis & Bockius LLP; Morrison and Foerster LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; and Wilmer Cutler Pickering Hale and Dorr LLP for a 2024 summer associateship; and to Hogan Lovells; Latham & Watkins LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; and Wilmer Cutler Pickering Hale and Dorr LLP for a 2025 summer associateship. Declaration of Doe 1 ¶ 3.

24. Doe 1 expected that their personally identifiable information would not be shared outside of the firms unless compelled by law. *Id.* ¶ 4.

25. Plaintiff Doe 2 is a current law student who applied to work at Cooley LLP; Freshfields Bruckhaus Deringer LLP; Goodwin Procter LLP; Hogan Lovells; Latham & Watkins LLP; Morrison and Foerster LLP; Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates; and White & Case LLP for a 2024 summer associateship; and to Hogan Lovells; Morrison and Foerster LLP; and Latham & Watkins LLP for a 2025 summer associateship. Declaration of Doe 2 ¶ 4–5.

26. Doe 2 expected that their personally identifiable information would not be shared outside of the firm unless compelled by law. *Id.* ¶ 6.

27. Plaintiff Doe 3 is a current law student who applied to work at Debevoise & Plimpton LLP; Ropes & Gray LLP; Simpson Thacher & Bartlett LLP; and Wilmer Cutler Pickering Hale and Dorr LLP for a 2025 summer associateship. Declaration of Doe 3 ¶ 3.

28. Doe 3 expected that their personally identifiable information would not be shared outside of the firm unless compelled by law. *Id.* ¶ 4.

29. The second to last paragraph of each letter states: "Please submit your responses and any supporting documentation by **April 15, 2025**, to lawfirmDEI@eeoc.gov. If certain information is unavailable or requires additional time to compile, please indicate this in your

9

response and provide an estimated timeline for submission,"; and tells the firms to preserve all information related to the information provided. Economos Decl. Ex. E. (emphasis in original).

30. Neither the press release nor the letters state that the letters were sent pursuant to a charge made to the Commission or that the law firms were provided with a notice of charge consistent with Title VII or the accompanying EEOC regulations. Economos Decl. ¶¶ 5–6, Exs. D, E.

31. The EEOC did not undertake a public-comment process before sending the letters and did not otherwise send them pursuant to a Commission regulation or order.

32. The letters do not display a valid control number assigned by the Office of Management and Budget. Economos Decl. ¶ 6, Ex. E.

33. President Trump issued several Executive Orders directed at specific law firms that direct federal agency heads to review government contracts with the firm and entities doing business with the firms to determine whether they should be determined, review access to federal buildings of the firm's employees to determine whether access should be denied, review the firm's interaction with federal government employees to determine whether it should be ended, and limit the federal government hiring employees from the firm. Addressing Risks from Perkins Coie LLP, 90 Fed. Reg. 11781 (Mar. 6, 2025) Exec. Order No. 14237, Addressing Risks From Paul Weiss, 90 Fed. Reg. 13039 (Mar. 14, 2025); Exec. Order No. 14246, Addressing Risks From Jenner & Block, 90 Fed. Reg. 13997 (Mar. 25, 2025); Exec Order No. 14250, Addressing Risks from Wilmer Hale, 90 Fed. Reg. 14549 (Mar. 27, 2025); Exec. Order, Addressing Risks from Susman Godfrey, 90 Fed. Reg. 14263 (Apr. 9, 2025).

34. Executive Order No. 14230 was issued eleven days before the EEOC sent the letters to the twenty law firms.

35. Section 4(a) of Executive Order No. 14230 directs the Chair of the EEOC to "review the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964, including whether large law firms: reserve certain positions, such as summer associate spots, for individuals of preferred races; promote individuals on a discriminatory basis; permit client access on a discriminatory basis; or provide access to events, trainings, or travel on a discriminatory basis." Addressing Risks from Perkins Coie LLP, 90 Fed. Reg. at 11782 § 4(a).

36. Section 4(b) of Executive Order states that "[t]he Attorney General, in coordination with the Chair of the Equal Employment Opportunity Commission and in consultation with State Attorneys General as appropriate, shall investigate the practices of large law firms as described in subsection (a) of this section who do business with Federal entities for compliance with race-based and sex-based non-discrimination laws and take any additional actions the Attorney General deems appropriate in light of the evidence uncovered." Addressing Risks from Perkins Coie LLP, 90 Fed. Reg. at 11782 § 4(b).

37. On April 3, 2025, twelve state Attorneys General sent letters to the same twenty law firms demanding that they produce the information set forth in the Defendants' letter to both the EEOC and them. Letter from the Attorneys General of Texas, Alabama, Alaska, Florida, Idaho, Indiana, Iowa, Kansas, Missouri, Montana, Oklahoma, and South Carolina to Twenty Large Law Firms (April 3, 2025), https://www.texasattorneygeneral.gov/sites/default/files/images/press/Letter%20to%20Law%20Frims%20EEOC%20Info%20Request.pdf [https://perma.cc/BB3U-FRR4].

38. On March 28, 2025, President Trump announced that he had reached an agreement with Skadden, Arps, Slate, Meagher & Flom in which the firm agreed to provide $100 million worth of pro bono support on particular causes favored by the President and committed "[to]

engage independent outside counsel to advise the Firm to ensure employment practices are fully compliant with law, including, but not limited to, anti-discrimination laws." Donald J. Trump (@realDonaldTrump), Truth Social (Mar. 28, 2025, at 1:57pm), https://truthsocial.com/@realDonaldTrump/posts/114241348699704594.

39. On April 11, 2025, President Trump announced that he had reached an agreement with "Kirkland & Ellis LLP, Allen Overy Shearman Sterling US LLP, Simpson Thacher & Bartlett LLP, and Latham & Watkins LLP," stating that the firms had agreed to commit $125 million each to "causes that President Trump and the Law Firms both support"; that the firms would contract "outside counsel to advise the Law Firms in confirming their employment practices are fully compliant with Law, including, but not limited to, Anti-Discrimination Laws"; and that "[c]oncurrent with these agreements, the EEOC has withdrawn the March 17, 2025 letters to the Law Firms, and will not pursue any claims related to those issues . . . ." Donald J. Trump (@realDonaldTrump) Truth Social (April 11, 2025) https://truthsocial.com/@realDonaldTrump/posts/114320245355397433.

40. On April 11, 2025, the EEOC issued a press release regarding the four firms that President Trump had reached agreement with that day entitled, "In EEOC Settlement, Four 'BigLaw' Firms Disavow DEI and Affirm Their Commitment to Merit-Based Employment Practices," stating that "[t]he firms chose to voluntarily resolve matters with the EEOC, without admission of liability, to avoid an extended dispute," using the terms "settlement," "matters" and "dispute." *Id.*; Press Release, U.S. Equal Emp. Opportunity Comm'n, In EEOC Settlement, Four 'BigLaw' Firms Disavow DEI and Affirm Their Commitment to Merit-Based Employment Practices (Apr. 11, 2025), https://www.eeoc.gov/newsroom/eeoc-settlement-four-biglaw-firms-disavow-dei-and-affirm-their-commitment-meritbased [https://perma.cc/N5FF-P2G3], attached as Exhibit E.

June 5, 2025                                                      Respectfully submitted,

                                                                  */s/   Jennifer Fountain Connolly*
Jennifer Fountain Connolly (DC Bar No. 1019148)
Sarah Goetz (DC Bar No. 1645309)
Audrey Wiggins (DC Bar No. 482877)*
Orlando Economos (DC Bar No. 90013791)
Sunu P. Chandy (DC Bar No. 1026045)
Skye Perryman (DC Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jconnolly@democracyforward.org
sgoetz@democracyforward.org
awiggins@democracyforward.org
oeconomos@democracyforward.org
schandy@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

\* *admitted pro hac vice*