UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOE 1, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-1124 (RBW) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*, | |
| Defendants. | |

**MOTION TO STAY CONSIDERATION OF
PREMATURE MOTION FOR SUMMARY JUDGMENT AND MOTION FOR CLASS
CERTIFICATION AND FOR EXTENSION TO RESPOND TO AMENDED
COMPLAINT**

Defendants, the Equal Employment Opportunity Commission ("EEOC") and its Acting Chair, Andrea Lucas, through counsel, respectfully move under Federal Rule of Civil Procedure ("Rule") 6 to stay consideration of Plaintiffs' premature motion for summary judgment (ECF No. 26) and motion for class certification (ECF No. 25), which were filed before Defendants' initial response date in this action (that response date is June 27, 2025 to the Amended Complaint). Defendants also move for an extension of their deadline to respond to the Amended Complaint. In the event the stay request is denied, Defendants further move to extend their current deadline of June 20, 2025, to respond to the two motions so that those response deadlines are co-extensive with the extended deadline to respond to the Amended Complaint requested in this motion. Government counsel contacted Plaintiffs' counsel regarding this motion and learned that Plaintiffs oppose the relief sought by this motion.[1]  The grounds for this motion are as follows.

---

[1]    Plaintiffs' counsel proposed in the alternative that Defendants' oppositions to the motions and response to the Amended Complaint be extended to July 11, 2025, with Plaintiffs' replies to their motions and opposition to the anticipated motion to dismiss by July 18, 2025, and

On April 15, 2025, Plaintiffs Doe 1, 2 and 3 commenced this action. Plaintiffs amended their Complaint on May 16, 2025, to, among things, assert a putative class action in addition to asserting claims on their individual behalf. Am. Compl. (ECF No. 18). Pursuant to Rule 15(a)(3), the government's response to the Amended Complaint is currently due on June 27, 2025. Return of Service (ECF No. 13).

Despite this matter remaining in the period before Defendants are required to respond (and despite Plaintiffs making no attempt to satisfy the rigorous showing required for emergency or provisional relief under Rule 65), Plaintiffs moved for summary judgment on June 5, 2025, and also for class certification. (ECF Nos. 25-26). Plaintiffs' motions are premature as Defendants have not yet responded to the Amended Complaint, which will be in the form of a motion to dismiss. Accordingly, the Court should stay Plaintiffs' motions or deny them without prejudice pending resolution of Defendants' motion to dismiss. In addition, for reasons set forth below, Defendants request an extension of their deadline to respond to the Amended Complaint to, and including, July 31, 2025.

**I.     The Court Should Stay Plaintiffs' Premature Motion for Summary Judgment.**

This lawsuit allegedly relates to an Executive Order issued by President Trump directing the Chair of the EEOC to "'review the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964, including whether large law firms: reserve certain positions, such as summer associate spots, for individuals of preferred races; promote individuals on a discriminatory basis; permit client access on a discriminatory basis; or provide access to events, trainings, or travel on a discriminatory basis.'"

---

Defendants' reply in support of the anticipated motion to dismiss due July 25, 2025. Plaintiffs, however, have not identified any basis for such an expedited schedule, nor is it reasonable or feasible for the reasons stated herein.

Am. Compl. (ECF No. 18) ¶ 19.  On or about March 17, 2025, the EEOC sent letters to twenty law firms seeking information related to the firms' employment practices, including information related to applicants for positions at the firms.  *Id.* ¶¶ 21, 28; Ex. C to Compl. (ECF No. 3-3).  The letters requested responses by April 15, 2025.  Ex. C to Compl. (ECF No. 3-3).

Plaintiffs, proceeding under pseudonyms, allege that they are current law students who applied for summer associate positions at law firms that were the recipients of these letters. Plaintiffs contend that, "in light of the EEOC's demands, Plaintiffs now have significant concerns that their data will be disclosed by the firms that retain it, and that the government may use their data improperly to target them or their families for any activity or speech it wishes to stifle."  Am. Compl. (ECF No. 18) ¶ 72.  Plaintiffs seek a declaration that the EEOC acted *ultra vires* in sending the letters, to enjoin the EEOC from "investigating any law firm through means that do not satisfy the requirements of conducting an investigation under Title VII's EEOC charge process," and an order directing EEOC to withdraw the letters, return any information collected pursuant to them and delete the information from its databases.  *Id.* at 31-32.

Even a cursory review of the Amended Complaint yields substantial questions as to whether this Court has jurisdiction over this action, which seeks to second guess an action by an agency within the Executive Branch as to the extent and nature of its activity, and relatedly whether Plaintiffs have standing to sue the EEOC based on requests that are not directed to them but rather to law firms that are not parties.  *See generally Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). Plaintiffs, moreover, contend that the collection of information from law firms to which they applied violates the Paperwork Reduction Act but acknowledge that there is no private right of action under that Act.  Am. Compl. (ECF No. 18) ¶ 86.  The sole count in the Amended Complaint instead is for *ultra vires* review.  But *ultra vires* claims "rarely succeed," *Nyunt v. Chairman, Broad. Bd. of*

*Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009), and are considered "essentially a Hail Mary pass." *Changji Esquel Textile Co. v. Raimondo*, 40 F. 4th 716, 722 (D.C. Cir. 2022). Based on these and other reasons, Defendants plan to file a motion to dismiss under Rule 12(b)(1) and 12(b)(6) in response to the Amended Complaint.

While Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" the commentary to the rules and caselaw make clear that a plaintiff moving for summary judgment before a defendant has filed a responsive pleading is generally premature. *See* Fed. R. Civ. P. 56(b), Advisory Comm. Notes 2010 Am. ("Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."); *Comm. on Ways & Means, U.S. House of Representatives v. Dep't of Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019) (denying summary judgment motion as premature; "This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment. This process allows the Court to assure itself of jurisdiction and address threshold matters before burdening the parties with the costs of discovery and briefing on the merits."); *Doe v. Trs. of Columbia Univ. in City of N.Y.*, Civ. A. No. 21-5839, 2021 WL 4267638, *1 (S.D.N.Y. Sept. 16, 2021) ("[C]ourts routinely deny motions for summary judgment as premature . . . until the nonmoving party has had time to file a responsive pleading"); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) (collecting cases; "courts have denied pre-answer motions for summary judgment that seek a premature adjudication of a claim notwithstanding any technical compliance with the timing provisions of Rule 56").

Here, Plaintiffs invite the Court to bypass the early stages of this action and move for summary judgment at a premature stage before Defendants have filed a threshold motion to dismiss the operative Complaint. The Court should decline Plaintiffs' invitation and stay or deny without prejudice Plaintiffs' motion for summary judgment as premature. To the extent stayed, a briefing schedule on that motion should be deferred until after resolution of Defendants' motion to dismiss as its outcome might moot Plaintiffs' motion.

## II.     The Court Should Stay Resolution of Plaintiffs' Motion for Class Certification.

Plaintiffs' motion for class certification also should be stayed or denied without prejudice pending the resolution of Defendants' forthcoming dispositive motion. In 2003, Congress amended Rule 23(c)(1)(A), which had previously required courts to determine whether to certify a class "as soon as practicable after commencement of an action" to give federal courts more flexibility, by permitting the court to consider class certification "at an early practicable time." Rule 23(c)(1) advisory committee notes (2003 Amendments). The Advisory Committee Notes recognize that "many valid reasons . . . may justify deferring the initial certification decision." *Id.* The Advisory Committee Notes highlight that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs." *Id.* "The amendment to Rule 23 accounts for the judicial practice of ruling on pretrial motions, . . . before determining whether to certify a class." *Arnold v. Arizona Dep't of Pub. Safety*, 233 F.R.D. 537, 541 (D. Ariz. 2005) (citing Barbara J. Rothstein & Thomas E. Willging, FJC, Managing Class Action Litigation: A Pocket Guide for Judges (2005)).

Similarly, Local Civil Rule 23.1 requires a class certification motion to be filed within 90 days after the filing of a complaint, "unless the Court in the exercise of its discretion has extended this period." The quoted text makes clear that the Court possesses discretion to postpone the

consideration of a class certification motion; indeed, the Rule also makes clear that the Court "may order that a ruling [on class certification] be postponed pending discovery or other appropriate preliminary proceedings." Where the merits of a plaintiff's claims can be resolved through a dispositive motion, addressing such a motion first "spares both the parties and the court a needless, time-consuming inquiry into certification." *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001).

Thus, in *Curtin*, the D.C. Circuit affirmed the district court's decision to resolve the merits of the case before considering class certification. *Id.* at 92-93. The D.C. Circuit noted that dismissal before certification in that context served to "avoid unnecessary expense for the parties and burdens for the court." *Id.* at 93. Other judges of this Court have routinely stayed consideration of class certification pending the resolution of a motion to dismiss. *See, e.g., Drug Reform Coordination Network, Inc. v. Grey House Publishing, Inc.*, 106 F. Supp. 2d 9, 10 n.1 (D.D.C. 2015); *Scott v. Dist. of Columbia*, 87 F. Supp. 3d 291, 294 (D.D.C. 2015) (denying without prejudice motion for class certification "due to [a] pending Motion to Dismiss"); *Molina v. FDIC*, 870 F. Supp. 2d 123, 125 n.1 (D.D.C. 2012) ("The Court has stayed all motions for class certification pending this decision on the motions to dismiss."), *aff'd in part on different grounds sub nom. Molina v. Ocwen Loan Servicing*, 545 F. App'x 1 (D.C. Cir. 2013); *Gerlich v. U.S. Dep't of Justice*, 659 F. Supp. 2d 1, 7 n.4 (D.D.C. 2009) (explaining that the Court had "stayed all briefing on class certification issues, pending resolution of the motions to dismiss"); *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 44 (D.D.C. 2007) (staying plaintiffs' obligation to move for class certification because defendant had submitted a dispositive motion that "if granted, would resolve [the] case").

As in the many cases cited above, here, Defendants intend to move to dismiss, and the parties' resources and judicial economy would be wasted if the Court were to require briefing on

Plaintiffs' motion for class certification prior to resolution of the motion to dismiss. For example, if the Court were to grant the motion to dismiss, the motion for class certification would become moot. Similarly, even a partial resolution of the motion to dismiss may affect which parties remain in the case, or whether the elements of Federal Rule of Civil Procedure 23 can be met – i.e., whether there is commonality or typicality amongst the proposed class and/or the propriety of applying uniform injunctive relief to the proposed class. Thus, in the interest of efficiency – because it would spare both the parties and the Court unnecessary burden and expense – Defendants respectfully request that the Court stay class certification proceedings pending the resolution of their forthcoming dispositive motion.

### III.    The Court Should Extend Defendants' Deadline to Respond to the Amended Complaint.

Defendants request an extension to, and including, July 31, 2025, to file their response to the Amended Complaint.  There is good cause for the requested extension.  Undersigned counsel was assigned this matter on June 9, 2025, and has numerous existing filing deadlines in a large docket of cases in other matters up through the current response deadline and within the requested extension period, including a reply in support of a motion for summary judgment due on June 20, 2025, as well as two separate merits briefs in the D.C. Circuit currently due within the next thirty days, among numerous other deadlines.  Undersigned counsel also has plans to take leave in advance of the July 4, 2025, holiday weekend, as well as from July 10, 2025, to July 11, 2025. Accordingly, Defendants request an extension to, and including, July 31, 2025, to file their response to the Amended Complaint. In the event the above stay request is denied, Defendants also move to extend their deadline to respond to the two motions so that those deadlines are co-extensive with the extended deadline to respond to the Amended Complaint requested in this motion.

A proposed order is enclosed herewith.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____/s/ Jeremy S. Simon_____
     JEREMY S. SIMON, D.C. Bar #447956
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     202-252-2528

*Attorneys for the United States of America*